IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-577-D

| | |
|---|---|
| SIDNEY B. HARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORTH CAROLINA OFFICE OF ) | |
| ADMINISTRATIVE HEARINGS, ) | |
| ) | |
| Defendant. ) | |

On October 13, 2023, Sidney B. Harr ("Harr" or "plaintiff"), proceeding pro se, filed this action against the North Carolina Office of Administrative Hearings ("OAH" or "defendant") [D.E. 1]. Harr paid the filing fee. Harr named Crystal Gail Mangum ("Mangum") as a co-plaintiff, but Mangum did not sign the complaint. See [D.E. 1] 33. On October 16, 2023, Harr moved to amend the complaint to add Mangum as a plaintiff [D.E. 5] but did not file a proposed amended complaint with Mangum's signature. See [D.E. 5] 2. Mangum also did not sign the motion to amend. See id. On November 1, 2023, the OAH moved to dismiss the action [D.E. 10] and filed a memorandum in support [D.E. 11]. On November 22, 2023, Harr responded in opposition [D.E. 13]. On December 5, 2023, the OAH replied [D.E. 14]. As explained below, the court grants the motion to dismiss, denies the motion to amend, and dismisses the action without prejudice.

I.

In April 2011, Mangum stabbed Reginald Daye. See State v. Mangum, 242 N.C. App. 202, 203, 773 S.E.2d 555, 558 (2015); cf. Compl. [D.E. 1] ¶ 16. Paramedics transported Daye to a local hospital, where Daye underwent emergency surgery and died a few days later. See Mangum, 242

N.C. App. at 203, 773 S.E.2d at 558; cf. Compl. ¶¶ 17–20. An autopsy concluded that Daye died from complications arising from being stabbed. See Compl. ¶¶ 21, 23, 26, 30–31. Harr (a self-proclaimed lay advocate for Mangum) has spent more than a decade trying to prove otherwise, while Mangum serves her second-degree murder prison sentence. See Compl. 9 n.8.

In his most recent effort to overturn Mangum's conviction, Harr asked the North Carolina Department of Health and Human Services ("DHHS") to review the forensic evidence in Mangum's criminal case. See id. at ¶¶ 37–39, 42–52, 64. When that proved unsuccessful, Harr filed a contested case petition with the OAH. See [D.E. 11-1]. Harr recognizes that the OAH cannot vacate Mangum's conviction but hopes that "a favorable [OAH] ruling ... [will provide] fodder to support a [pending] Durham County Court MAR that will hopefully provide equitable relief (i.e., release and exoneration)." Compl. ¶ 133. On July 14, 2023, an administrative law judge ("ALJ") concluded that Harr had no standing to litigate the contested case petition and dismissed Harr from the case. See id. ¶ 57; see also [D.E. 11-2]. On August 28, 2023, the OAH stayed the contested case in light of the pending MAR. See Compl. ¶¶ 65–67; [D.E. 11-3].

Citing 42 U.S.C. § 1983, Harr contends that the proceedings in the contested case petition violate the Due Process Clauses of the Fifth and Fourteenth Amendments because "OAH failed to comply with its most fundamental duty to hold a hearing in the contested case." Compl. ¶¶ 1–2, 5, 135. Harr seeks an "[a]cknowledgement that the [OAH] lacked [a] justifiable legal basis for issuing a continuance and stay order," to compel further proceedings in the OAH, and compensation "for professional fees paid to retain expert witness for the cancelled hearing." Id. at 33.

II.

Mangum did not sign the complaint, and Harr is not a lawyer and cannot represent Mangum. See Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005); Lescs v. Martinsburg

Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); Mangum v. Oxygen Media, LLC, 603 F. Supp. 3d 266, 269–71 (E.D.N.C. 2022), aff'd, No. 22-1612, 2022 WL 17249695 (4th Cir. Nov. 28, 2022) (per curiam) (unpublished). "Accordingly, the Court cannot consider [Mangum] to be a plaintiff in this action" and denies the motion to amend. Purvey v. Knoxville Police Dep't, No. 3:20-CV-317, 2021 WL 1840443, at *1 (E.D. Tenn. May 7, 2021) (unpublished) (collecting cases).

The OAH argues that it is entitled to sovereign immunity and that the complaint fails to state a claim. See [D.E. 11] 7–10. A motion to dismiss for sovereign immunity under the Eleventh Amendment tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 649 (4th Cir. 2018). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A plaintiff bears the burden of establishing that this court has subject-matter jurisdiction over his claims. See, e.g., Steel Co., 523 U.S. at 104; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Generally, the party asserting sovereign immunity bears the burden of demonstrating that immunity; however, "a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte." McCray v. Md. Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014); see Hutto v. S.C. Ret. Sys., 773 F.3d 536, 543

3

(4th Cir. 2014) (collecting cases); cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07, 514 (2006); In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); Fed. R. Civ. P. 12(h)(3). "[F]ederal case law and an inquiry into state law often readily provide" the information needed to determine whether a defendant is entitled to sovereign immunity. Andrews v. Taylor, No. 3:17-CV-533, 2018 WL 2108022, at *6 (E.D. Va. May 7, 2018) (unpublished) (collecting cases).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The OAH does not "qualify as a 'person' subject to suit under 42 U.S.C. § 1983" and is entitled to sovereign immunity from Harr's request for monetary damages. Allen v. N. Carolina Off. of Admin. Hearings, No. 1:19-CV-786, 2019 WL 6682942, at *2–3 (M.D.N.C. Dec. 6, 2019)

4

(unpublished), report and recommendation adopted, 2020 WL 353539 (M.D.N.C. Jan. 21, 2020) (unpublished), aff'd, 805 F. App'x 246 (4th Cir. 2020) (per curiam) (unpublished); see, e.g., Constantine, 411 F.3d at 482. To the extent Harr seeks injunctive relief, cf. Ex parte Young, 209 U.S. 123, 159–60 (1908); McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010), "the face of [his] complaint does not reveal a claim for an ongoing violation for which [he] seeks only prospective relief." Talley v. Folwell, 651 F. Supp. 3d 792, 798 (E.D.N.C. 2023). Moreover, the proper venue for seeking judicial intervention in a pending OAH proceeding is in North Carolina state court. Cf. N.C. Gen. Stat. § 150B-43; Karchmer v. Appalachian State Univ., No. 5:23-CV-003, 2023 WL 6773661, at *3–4 (W.D.N.C. Sept. 25, 2023) (unpublished), report and recommendation adopted, 2023 WL 6759771 (W.D.N.C. Oct. 12, 2023) (unpublished); Howell v. Wood, No. 5:17-CV-93, 2018 WL 1369916, at *5 (E.D.N.C. Mar. 16, 2018) (unpublished), aff'd, 731 F. App'x 229 (4th Cir. 2018) (per curiam) (unpublished); Ragavage v. City of Wilmington, No. 7:15-CV-85, 2016 WL 6537668, at *1 (E.D.N.C. Nov. 3, 2016) (unpublished), aff'd, 691 F. App'x 121 (4th Cir. 2017) (per curiam) (unpublished); Studivent v. Huskey, No. 1:10-CV-144, 2013 WL 690022, at *6–8 (M.D.N.C. Feb. 26, 2013) (unpublished); Thomas v. Correa, No. 5:11-CV-715, 2013 WL 1122627, at *2–3 & n.4 (E.D.N.C. Jan. 10, 2013) (unpublished), report and recommendation adopted, 2013 WL 1122872 (E.D.N.C. Mar. 18, 2013) (unpublished). Accordingly, the court grants defendant's motion to dismiss.

III.

In sum, the court DENIES plaintiff's motion to amend [D.E. 5], GRANTS defendant's motion to dismiss [D.E. 10], and DISMISSES the action WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED. This 14 day of December, 2023.

                                                                                              **JAMES C. DEVER III**
                                                                                              **United States District Judge**